SARAH S. VANCE, Chair
Before the Panel: Common defendant Aerovias de Mexico S.A. de C.V., Inc. (Aeromexico) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. The litigation consists of thirteen actions,[1] eleven in the Northern District of Illinois, one in the District of Oregon, and one in the Southern District of Texas, as listed on the attached Schedule A. The Panel has been notified of 23 additional federal actions, all in the Northern District of Illinois, which involve related issues.
Plaintiffs' positions on centralization vary. Plaintiffs in 29 of the Northern District of Illinois actions (eight constituent actions and 21 tag-alongs) support centralization. Plaintiffs in the District of Oregon and Southern District of Texas actions oppose centralization.
On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. All actions are personal injury cases arising from the July 31, 2018, crash of Aeromexico Flight AM2431 shortly after it took off from Durango, Mexico. But, the parties' briefing indicates that the litigation will involve little or no discovery involving liability or other common issues. For example, there is no indication that Aeromexico intends to implead Embraer, the aircraft's manufacturer, or any other third party. Rather, discovery and other pretrial matters appear likely to focus on plaintiff-specific matters - in particular, plaintiffs' alleged damages.
The limited number of involved districts also lessens the need, if any, for centralization. Aside from the one action in the District of Oregon and the one action in the Southern District of Texas, all actions are pending in the Northern District of Illinois. Given that the crash took place a number of months ago, and, reportedly, approximately half of the 103 individuals aboard the plane walked away from the crash and did not require hospitalization, we are skeptical of Aeromexico's prediction that "numerous" actions - beyond the 36 already pending - are yet to be filed. And, even if they are filed, they likely will involve the same individualized issues.
IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.
*1386 SCHEDULE A
MDL No. 2877 - IN RE: AIR CRASH AT DURANGO, MEXICO, ON JULY 31, 2018
Northern District of Illinois
GARCIA v. AEROVIAS DE MEXICO, S.A. DE C.V., C.A. No. 1:18-05517
ESTRADA v. AEROVIAS DE MEXICO, S.A. DE C.V., ET AL., C.A. No. 1:18-05526
MERCADO v. AEROVIAS DE MEXICO, S.A. DE C.V., ET AL., C.A. No. 1:18-05534
JAQUEZ v. AEROVIAS DE MEXICO, S.A. DE C.V., D/B/A AEROMEXICO, ET AL., C.A. No. 1:18-05535
ESTRADA v. AEROVIAS DE MEXICO, S.A. DE C.V., D/B/A AEROMEXICO, ET AL., C.A. No. 1:18-05536
ESTRADA, ET AL. v. AEROVIAS DE MEXICO, S.A. DE C.V., C.A. No. 1:18-05540
DIAZ v. AEROVIAS DE MEXICO, S.A. DE C.V., C.A. No. 1:18-06051
RIVERA v. AEROVIAS DE MEXICO, S.A. DE C.V., ET AL., C.A. No. 1:18-06303
GALLARZO v. AEROVIAS DE MEXICO, S.A. DE C.V., C.A. No. 1:18-06709
RIVERA v. AEROVIAS DE MEXICO, S.A. DE C.V., D/B/A AEROMEXICO, ET AL., C.A. No. 1:18-06852
SANCHEZ v. AEROVIAS DE MEXICO, S.A. DE C.V., ET AL., C.A. No. 1:18-06945
District of Oregon
MCCORMICK, ET AL. v. AEROVIAS DE MEXICO S.A. DE C.V., ET AL., C.A. No. 3:18-01628
Southern District of Texas
HERRERA, ET AL. v. AEROVIAS DE MEXICO, S.A. DE C.V. (INC.), ET AL., C.A. No. 4:18-03812

As filed, the Section 1407 motion encompassed 25 actions, but twelve of these were remanded to state court, and then re-removed as new civil actions. They thus are potential tag-along actions.